**EXHIBIT A**

| | |
|---|---|
| DISTRICT COURT, CITY & COUNTY OF DENVER, COLORADO<br><br>Address:    1437 Bannock Street<br>            Denver, Colorado 80202<br>Telephone:    720-865-8301<br>_____ | DATE FILED: April 28, 2017 11:39 AM<br>FILING ID: A2F2A424F7FA9<br>CASE NUMBER: 2017CV31552 |
| **Plaintiff: CHARLES ZWERDLINGER**<br><br>**v.**<br><br>**Defendant: HARTFORD INSURANCE COMPANY OF THE MIDWEST, a foreign corporation**<br>_____ | ▲ COURT USE ONLY ▲<br>_____<br><br>Case Number:<br><br>    2017-CV-_____<br><br>Div: ____ |
| Attorney for Plaintiff:<br>Sean B. Walsh, #35141<br>Brian J. Lampert, #9437<br>Lampert & Walsh, LLC<br>3650 S. Yosemite Street, Suite 404<br>Denver, Colorado 80237<br>Telephone:    720-489-5848<br>Facsimile:    720-489-0540<br>sean.walsh@lampertwalsh.com | |

**COMPLAINT AND JURY DEMAND**

Plaintiff Charles Zwerdlinger, by and through his attorneys of record Lampert & Walsh, L.L.C., states the following Complaint against the Defendant:

**GENERAL ALLEGATIONS**.

1.    Plaintiff Charles Zwerdlinger was at all times pertinent hereto a resident of the City and County of Denver, State of Colorado.

2.    That at all times material hereto, Defendant Hartford Insurance Company of the Midwest (hereinafter "Hartford") was a foreign corporation in good standing with the State of Colorado with a Registered Agent, The Corporation Company, located at 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112.

3.    Defendant is a corporation licensed to conduct business in the State of Colorado

1

and at all times pertinent hereto entered into a contract with Plaintiff and engaged in business in Denver County.

4.    This Court has jurisdiction over the subject matter at issue because this is a civil action for damages and or equitable relief pursuant to Colo. Const. Art. VI, §9(1).

5.    Venue in this Court is proper pursuant to C.R.C.P. 98(c)(3) in that an action shall be tried where the Defendant enters into a contract to perform services.

6.    At all times pertinent, Defendant was the auto insurer for Plaintiff Zwerdlinger on claims arising out of an automobile injury on June 29, 2016, with coverage for uninsured/underinsured motorist claims.  Such coverage gave rise to a duty of good faith and fair dealing between Plaintiff and Defendant.

7.    Plaintiff complied with all terms and conditions of the relevant insurance policy.

8.    Yefim Orlovsky was the at-fault driver for Plaintiff Charles Zwerdlinger's accident-related injuries sustained on June 29, 2016.

9.    Mr. Orlovsky was an underinsured motorist and Plaintiff recovered full policy limits against him, which left the Hartford policy as the only avenue of recovery under Plaintiff's UM/UIM policy through Hartford.

10.    Hartford was advised on January 26, 2017 as to the medical treatment and medical bills associated with Charles Zwerdlinger's injuries sustained due to the motor vehicle accident on June 29, 2016.  All of the medical treatment, which equaled $24,258.02, were caused by the June 29, 2016 motor vehicle accident.

11.    Defendant Hartford has refused to pay substantial portions of Plaintiff Zwerdlinger's medical bills, and/or resolve his claim in a timely manner.  In addition, Defendant has refused to offer a reasonable amount to Plaintiff for his injuries, damages and losses despite medical records and medical bills, which established a causal connection to the June 26, 2016 motor vehicle accident.

12.    As a result of the conduct of Defendant, Plaintiff is required to prepare for, and participate in, a jury trial to obtain the Plaintiff's UM/UIM benefits from Defendant, causing and inflicting on Plaintiff further severe emotional distress and pain during a trial, and particularly being required to disclose intimate and personal emotional issues and damages in a public courtroom and enduring cross-examination by counsel for the Defendant in front of a jury. Further Plaintiff will incur increased attorney's fees and costs to prove Defendant's obligation to indemnify Plaintiff or his losses.  Plaintiff will also incur further economic loss by the time and resources of such a trial.

2

13.     Plaintiff has incurred a number of medical bills in the amount of $24,258.02 to date and has future medical expenses he will continue to incur.  As a result, Plaintiff Zwerdlinger has incurred damages and is experiencing a worsening his medical condition.  As a further and direct result of the above-described accident, Plaintiff Zwerdlinger has incurred pain and suffering, together with loss of enjoyment of life, physical impairment, and will in the future continue to incur such pain and suffering, loss of enjoyment of life, and physical impairment due to the continuing nature and permanency of his injuries.

## FIRST CLAIM FOR RELIEF
### *(Breach of Contract)*

14.     Paragraphs 1 through 13 are incorporated herein by reference.

15.     Plaintiff Zwerdlinger entered into a contract with Defendant Hartford in Denver to provide UM/UIM coverage if he was injured as a result of a motor vehicle accident and was either not compensated or not compensated fully for his injuries from a third-party.

16.     During the time of the coverage, Plaintiff Zwerdlinger was injured by a negligent driver on June 29, 2016.

17.     Defendant has failed to negotiate in good faith toward the Plaintiff and, as such, has breached its contractual duty to deal fairly with their insured, compensate Plaintiff in a timely and reasonable manner and/or make a reasonable offer to Plaintiff.

18.     As such, Plaintiff has been denied use of funds to seek out additional medical treatment, has incurred medical debt, deals with emotional distress, and furthermore the Defendant has failed to compensate Plaintiff for his injuries, harms and losses suffered under Paragraph 13 of this Complaint.

WHEREFORE, Plaintiff prays for relief against the Defendant following the Third Claim for Relief.

## SECOND CLAIM FOR RELIEF
### *(Improper denial of benefits under C.R.S. §10-3-1115)*

19.     Paragraphs 1 through 18 are incorporated herein by reference.

20.     Defendant owed duties to Plaintiff, as its insured, to act fairly and reasonably in adjusting and paying the claim of Plaintiff presented to it for UM/UIM benefits as defined by C.R.S. §10-3-1115.

21.     Defendant violated those duties under C.R.S. §10-3-1115 in one or more of the following ways:

(a) Not attempting to effectuate prompt, fair and equitable settlement of Plaintiff's claim, despite doctor's opinions and medical records, in which liability had becoming reasonably clear;

(b) Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy and denying UM/UIM coverage to their insured;

(c) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the claim;

(d) Unreasonably delaying or denying payment for Plaintiff's claims for benefits owed to Plaintiff.

(e) Unreasonably relying on "pre-existing" conditions without a basis to do so.

22.     As a result of these unreasonable and/or reckless acts or omissions of Defendant, Plaintiff suffered injuries and damages in an amount to be proven at trial and asks for damages under C.R.S. §10-3-1116.

WHEREFORE, Plaintiff prays for relief against Defendant as set forth following the Third Claim for Relief.

### THIRD CLAIM FOR RELIEF
*(Improper denial of UM/UIM benefits under C.R.S. §10-3-1115)*

23.     Paragraphs 1 through 22 are incorporated herein by reference.

24.     Defendant acted unreasonably in delaying and denying Plaintiff the full value of his UM/UIM benefits, while damages have been established, and thus requiring Plaintiff to proceed to a jury trial to obtain a judgment for their UIM benefits.

25.     Defendant knew that its conduct and position on the claim was unreasonable or Defendant recklessly disregarded the fact that its conduct and position on the claim was unreasonable in their delay and denial of Plaintiff's claim under C.R.S. §10-3-1115.

26.     Defendant's unreasonable conduct and position on the claim was a cause of Plaintiff's damages to be proven at trial under C.R.S. §10-3-1116.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount to be

determined at trial of the civil action, together with costs, exemplary damages, interest, attorney fees, expert witness fees, and such other and further relief including relief under C.R.S. §10-3-1116, such as pre-judgment and post-judgment interest to the extent permitted by law as this Court deems proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury as to all claims so triable.

Respectfully submitted this 28th day of April, 2017.

**LAMPERT & WALSH, LLC**

*The duly signed original of this document is on file at the law offices of Lampert & Walsh, LLC*

*/s/ Sean B. Walsh*_____
Sean B. Walsh, Esq.

COUNSEL FOR PLAINTIFF

Plaintiff's Address:
301 N. Forest St.
Denver, CO 80220